## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MICHAEL CHEBRO,** | : | |
| **Plaintiff** | : | |
| | : | **No. 3:19-cv-01495(VLB)** |
| **V.** | : | |
| | : | |
| **GREAT DANE, LLC** | : | **August 5, 2020** |
| **Defendant.** | : | |

### Ruling and Order Denying Plaintiff's Motion for Reconsideration [ECF No. 37]

Plaintiff Michael Chebro moves for the Court to reconsider its March 16, 2020 ruling granting the motion to dismiss of defendant Sturdy-Lite, and a period of fourteen (14) days to file an objection to Sturdy-Lite's motion. [ECF No. 37]. Sturdy-Lite objects. [ECF No. 38]. For the reasons that follow, the Court denies the motion to reconsider.

### I.      Factual Background

This case arises out of an alleged incident in which Plaintiff, Michael Chebro, was driving a truck owned by his employer with an attached flatbed trailer, when a coil of steel being transported on the trailer allegedly "broke free from the frame of said flatbed trailer," and "struck the cab of said truck" causing injuries to Plaintiff. *See* [ECF No. 2 at Compl. Count Two, ¶¶ 6-7]. Plaintiff alleges the trailer attached to the truck was a Great Dane Freedom Model XP flatbed trailer, which was designed, manufactured, and/or sold by the co-Defendant, Great Dane, LLC. *Id.* at *Id.* at Compl., Count One, ¶¶ 3,6. He further alleges that a bulkhead allegedly designed or manufactured by Sturdy-Lite, Inc. was attached to the flatbed trailer. *Id.* at Compl., Count Two, ¶¶ 6-7. He alleges Sturdy-Lite manufactured and/or sold

the bulkhead for a flatbed trailer to his employer in Connecticut. *Id.* at Compl., Count Two, ¶ 1. Plaintiff brought claims against Great Dane, LLC and Sturdy-Lite, Inc. pursuant to the Connecticut Product Liability Act, C.G.S. §§ 52-572m et seq., alleging the trailer and bulkhead were defective, and that such defects caused his injuries. *Id.* at Compl., Counts One and Two.

## II.    Procedural Background

On September 24, 2019, then-Defendants Great Dane and Sturdy-Lite removed this case from state court on the basis of diversity jurisdiction. [ECF No. 1].

On October 22, 2019, Study-Lite timely filed a motion to dismiss on the basis of lack of personal jurisdiction, on the grounds that the Plaintiff cannot establish that the Court has personal jurisdiction over the Defendant, which is a foreign corporation incorporated in, and having a principal place of business in Tennessee. [ECF Nos. 22 (Mot.) and 23 (Mem. in Support)]. Pursuant to Local Rule 7, any opposition to Defendant's Motion to Dismiss was due November 12, 2019. D. Conn. L. Civ. R. 7.

On November 25, the parties filed a joint Report of their Rule 26(f) Planning Meeting, and, as such, it was signed by Plaintiff's counsel.  [ECF No. 25]. The report stated that "Sturdy-Lite, Inc. has contested personal jurisdiction by filing a motion to dismiss and supporting memorandum of law (ECF Nos. 22, 23.)." *Id.* at 2.

A month passed. On December 5, 2019, Plaintiff filed a motion to extend his time to respond for another 60 days, giving as a reason that "Plaintiff's counsel is a solo practitioner with a busy office and trial schedule." [ECF No. 29]. On December 9,

the Court extended Plaintiff's time to respond to December 20, 2019. [ECF No. 30].

Plaintiff did not file an opposition.

On March 10, 2020, Study-Lite moved to stay discovery pending resolution of

its motion to dismiss. [ECF No. 32]. The Court ruled:

> "On a Rule 12(b)(2) motion, plaintiff carries the burden of demonstrating that jurisdiction exists." *Penachio v. Benedict,* 461 F. App'x 4, 5 (2d Cir. 2012); see *Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996). Plaintiff has not responded to Sturdy-Lite's motion to dismiss, so the Court finds that Plaintiff has not met his burden and dismisses the action as against Defendant Sturdy-Lite, Inc. for lack of personal jurisdiction, as outlined in Defendant Sturdy Lite, Inc.'s 22 motion.

On March 16, 2020, the Court granted Sturdy-Lite's motion to dismiss. [ECF No.

34]. Plaintiff timely moved for reconsideration. [ECF No. 37].

With his motion for reconsideration, Plaintiff's counsel has filed an affidavit.

In the affidavit, he states that he is a solo practitioner, with a "busy" practice

consisting "primarily of litigation, including trials, hearings, depositions, and court

appearances." [ECF No. 37-2 (Ex. A to Mot.: Skowronski Aff.) ¶3]. He states that,

"during the period from October 22, 2019 through the time hereof, I participated in

numerous trials, court appearances, and administrative hearings." *Id.* ¶5. He was

also out of state on business and for a previously scheduled family vacation. *Id.*

¶6. He also states that, in March, his practice has been significantly impacted by

the current coronavirus crisis. *Id.* ¶7. He states that "if he had "known that a ruling

on Sturdy-Lite's motion was imminent, [he] would have filed a response to such

motion setting forth grounds for denial of the motion." *Id.* ¶11.

III.    <u>Legal Standard</u>

There are three grounds for granting a motion for reconsideration: (1) "intervening change of controlling law"; (2) "the availability of new evidence"; or (3) a "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Fed. Practice & Procedure*, § 4478 at 790). In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see* D. Conn. L. R. 7(c) (requiring the movant to file along with the motion for reconsideration "a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked").

IV.   Analysis

Plaintiff argues that setting aside the Court's decision and giving the Plaintiff 14 days to file an opposition is necessary to prevent manifest injustice. [ECF No. 37]. Plaintiff argues that there is good cause for the Court to reconsider its order on Sturdy-Lite's motion to dismiss because (1) Plaintiff did not receive notice of the Court's impending order on Sturdy-Lite's motion to dismiss; and (2) Plaintiff's counsel, Attorney Skowronski has been exceptionally busy in the five months between the filing of the motion to dismiss and the Court's order on it; and (3) Plaintiff's counsel's practice has been impacted by responding to the COVID-19

crisis in the recent weeks. Former defendant Sturdy-Lite objects to each argument. Taking the points in reverse order, the Court agrees with Sturdy-Lite on each.

### A. COVID-19

In his affidavit accompanying his motion for reconsideration, Plaintiff's counsel states that, in March, his practice has been significantly impacted by the current coronavirus crisis. *Id.* ¶7. Although the Court agrees that coronavirus has had a wide-ranging impact on society, including law practice, Plaintiff's deadline was December 20, 2019, months before coronavirus spread widely throughout Connecticut and months before Connecticut enacted coronavirus restrictions. The current and ongoing COVID-19 crisis does not excuse Plaintiff's counsel failure to comply with a long-passed deadline.

### B. Counsel's Other Cases and Travel

In his affidavit, Plaintiff's counsel states that he is a solo practitioner, with a "busy" practice consisting "primarily of litigation, including trials, hearings, depositions, and court appearances." [ECF No. 37-2 (Ex. A to Mot.: Skowronski Aff.) ¶3]. He states that, "during the period from October 22, 2019 through the time hereof, I participated in numerous trials, court appearances, and administrative hearings." *Id.* ¶5. He was also out of state on business and for a previously scheduled family vacation. *Id.* ¶6.

But counsel's busy schedule, travel, and solo practice are not valid excuses for failing to comply with a court deadline, especially when counsel did not even meet his own requested deadline. *Merex A.G. v. Loral Fairchild Corp.*, 104 F.3d 353 (2d Cir. 1996) (holding that attorney's busy schedule did not constitute good cause

for filing late notice of appeal); *Hartford Steam Boiler Inspection & Ins. Co. v. Se. Refractories, Inc.*, 212 F.R.D. 62, 66 (D. Conn. 2003) (denying motion to reconsider order granting motion to dismiss where plaintiff missed extended response deadline in part because of travel); *Dixon v. A Better Way Wholesale Autos, Inc.*, No. 3:15-CV-691(AWT), 2016 WL 6519116, at *2 (D. Conn. July 22, 2016) (denying motion to reconsider order granting motion to dismiss where plaintiff missed response deadline after three separate notices of the pending motion), *aff'd,* 692 F. App'x 664 (2d Cir. 2017). Roughly half of all lawyers in Connecticut practice as solo practitioners or practice in small firms. *See Lawyer-entrepreneurs face growing pains*, Hartfort Bus. J., Apr. 2, 2017 (quoting statistic that roughly half of members in the voluntary Connecticut Bar Association are solo practitioners or practice at a small firm). The fact that Plaintiff's counsel is a busy solo practitioner does not establish good cause for late filings.

## C. *The Court's Pretrial Procedures*

Finally, Plaintiff's counsel states that "if he had "known that a ruling on Sturdy-Lite's motion was imminent, [he] would have filed a response to such motion setting forth grounds for denial of the motion." [ECF No. 37-2 at ¶11]. He argues that the Court's Chambers provide for fourteen-day notice of an impending decision on a motion to dismiss, and he was prejudiced by not receiving it. [Dkt. 27 at 5-7].

In the Court's Chambers Practices, the Court states generally:

[I]f a party does not file an objection or reply to a motion within the period allowed by the rules of procedure, the Court may infer that there is no objection to the motion or request and may grant the motion or request after fourteen (14) days notice. If notice is given of

an impending order, the tardy party must show good cause why the late filing should be considered.

[ECF No. 13 at 2-3].

First, the Court notes its Practices only set forth the possibility of notice, one which is not a basis for reliance: the Court states it "may grant the motion… after fourteen days notice. If notice is given…" *Id.* The Court's use of the conjunction "if" underlines that it "may" give notice of an impending decision but will not necessarily do so. Second, even if the Court gave notice of an imminent ruling and Plaintiff had filed a late response, the rule requires a showing of "good cause," which, as described above, Plaintiff has not demonstrated, so Plaintiff was not prejudiced by his failure to receive a notice.  Third, the Court did not grant the motion solely on the basis that an opposition was not filed, but instead also because Plaintiff failed to meet his burden to show that jurisdiction existed. *See* [ECF No. 34]. Therefore, the Court also finds that its pretrial procedures do not provide a reason to reconsider its order on Sturdy-Lite's motion to dismiss.

V.      Conclusion

The Court denies Plaintiff's motion for reconsideration.


IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated this day in Hartford, Connecticut: August 5, 2020